**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Novo Nordisk A/S, et al.

v.                                    Case No. 1:25-cv-00141-SE-AJ

New England Weight Loss, LLC

**REPORT AND RECOMMENDATION**

Plaintiffs, Novo Nordisk A/S and Novo Nordisk, Inc.
(collectively, "Novo Nordisk"), filed suit against defendant,
New England Weight Loss, LLC ("NEWL"), alleging violations of
the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and related state
law.  See Compl. (Doc. No. 1).  NEWL failed to respond to Novo
Nordisk's complaint, and on August 18, 2025, the Clerk of Court
entered default against it.  Before the court for recommended
disposition is Novo Nordisk's motion for default judgment.
(Doc. No. 10).  For the reasons explained below, the court
recommends that the district judge: (1) grant Novo Nordisk's
motion; (2) enjoin NEWL from falsely advertising its products;
(3) order NEWL to produce to Novo Nordisk an accounting of its
profits; (4) permit Novo Nordisk to file supplemental briefing;
and (5) order a damages hearing.

**I.   LEGAL STANDARD**

A defaulting party is "taken to have conceded the truth of
the factual allegations in the complaint."  Ortiz-Gonzalez v.

Fonovisa, 277 F.3d 59, 62 (1st Cir. 2002).  Admitting the truth
of the factual allegations, however, "does not admit the legal
sufficiency of [the] claims."  10 James W. Moore, Moore's
Federal Practice § 55.32[1][b] (3d ed. 2013).  For that reason,
the court reviews the admitted facts in light of the elements of
the claims pleaded before entering a default judgment.  Sampson
v. Lambert, 903 F.3d 798, 805-06 (8th Cir. 2018); Neff v.
Mediation Processing Servs., LLC, No. 21-CV-310-JL, 2021 WL
7082838, at *1 (D.N.H. Sept. 27, 2021), report and
recommendation adopted, No. 21-CV-310-JL, 2021 WL 7082833
(D.N.H. Oct. 14, 2021).

## II.  BACKGROUND

By virtue of its default, NEWL concedes the following facts
alleged in Novo Nordisk's complaint.  Novo Nordisk is a
healthcare company that develops medicines containing
semaglutide.  See Compl. (Doc. No. 1, ¶¶ 2-3).  These medicines
include Ozempic® (semaglutide) injection, Rybelsus®
(semaglutide) tablets, and Wegovy® (semaglutide) injection.  Id.
¶ 3.  Novo Nordisk owns and uses the trademarks, "Ozempic,"
"Rybelsus," and "Wegovy" to identify its medicines.  Id. ¶ 22.
Novo Nordisk is the only company in the United States with FDA-
approved medicines containing semaglutide.  Id. ¶ 4.

NEWL markets and sells compounded drug products purporting
to contain semaglutide to patients.  Id. ¶¶ 7, 32.  Novo Nordisk

does not sell its semaglutide medicines to NEWL for resale or redistribution. Id. ¶ 31. The FDA has not approved the Unapproved Compounded Drugs and, generally, does not approve compounded drugs. Id. ¶¶ 33, 36. Compounded semaglutide drugs pose risks to patients who take them. Id. ¶¶ 40-44. The court refers to NEWL's products as the "Unapproved Compounded Drugs."

NEWL has promoted and continues to promote its Unapproved Compounded Drugs through advertisement of its nonsurgical weight loss program, including on its website and social media. Id. ¶¶ 46, 52. It has advertised and continues to advertise its Unapproved Compounded Drugs with statements describing Novo Nordisk's Ozempic®, Wegovy®, and Rybelsus® medicines, conflating the parties' products. Id. ¶ 47. NEWL has, and continues to, claim or imply that the FDA has approved its Unapproved Compounded Drugs or reviewed them for safety, effectiveness, and quality. Id. ¶¶ 48-54. NEWL's representations incorrectly lead customers into believing that its products with "semaglutide" have been reviewed and approved by the FDA. Id. ¶ 60. NEWL has also falsely claimed or implied that the Unapproved Compounded Drugs have been subjected to clinical studies and trials or have otherwise achieved therapeutic outcomes attributable to Novo Nordisk's semaglutide medicines. Id. ¶¶ 63-67.

Novo Nordisk brings claims against NEWL for False and Misleading Advertising and Promotion in Violation of 15 U.S.C. §

1125(a)(1)(B) (Count I) and Deceptive and Unfair Trade Practices in Violation of the New Hampshire Consumer Protection Act, RSA chapter 358-A (Count II).  Novo Nordisk seeks a declaratory judgment that NEWL has willfully violated 15 U.S.C. § 1125(a) and RSA chapter 358-A, an injunction prohibiting NEWL from engaging in further violative conduct, and award of disgorgement of NEWL's profits, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, and costs.

Novo Nordisk filed this suit on April 10, 2025.  On April 15, it sent the Notice of a Lawsuit and Request to Waive Service of a Summons to NEWL's registered agent.  Mot. for Default (Doc. No. 10 at 4).  On April 22, Novo Nordisk sent the same documents to two of NEWL's members/managers.  Id.  On May 27, Attorney David H. Rich informed Novo Nordisk that he represented NEWL. Id.  On May 28, Attorney Rich returned the Waiver of Service of Summons to Novo Nordisk, which he had signed on behalf of NEWL. Id.  Accordingly, NEWL had until July 28 to respond.  Id.; Fed. R. Civ. P. 12(a)(1)(A)(ii).  NEWL did not timely respond to the complaint.  On July 29, Novo Nordisk moved for an entry of default against NEWL, (Doc. No. 8), which the Clerk of Court entered on August 15.

Novo Nordisk now moves for default judgment.  (Doc. No. 10).

### III. DISCUSSION

The court first addresses whether it has jurisdiction over this matter before turning to the sufficiency of Novo Nordisk's allegations and its requested relief.  See Int'l Brotherhood of Elec. Workers Local 223 v. Coastal Elec., Inc., 757 F. Supp. 3d 105, 108 (D. Mass. 2024) ("Before granting default judgment, [a district court] has an affirmative duty to ensure that it has jurisdiction over both the subject matter and the parties." (quotation omitted).

### A.  Jurisdiction

The court has jurisdiction over the subject matter and the parties.  The court has federal question jurisdiction over the subject matter of this action because Novo Nordisk's claims arise under the Lanham Act.  See Great Clips, Inc. v. Hair Cuttery of Greater Boston, L.L.C., 591 F.3d 32, 35 (1st Cir. 2010)(assertion of rights under the Lanham Act sufficed to establish federal-question jurisdiction).  The court likewise has supplemental jurisdiction over Novo Nordisk's state law claims.  28 U.S.C. § 1367.

The court also has personal jurisdiction over NEWL.  Its registered business address is in Nashua, New Hampshire, see Compl. (Doc. No. 1, ¶ 15), and it is a New Hampshire-registered company with a principal place of business in New Hampshire, id. ¶ 20.  See Kuan Chen v. U.S. Sports Academy, Inc., 956 F.3d 45,

57 (1st Cir. 2020) ("The paradigmatic examples of locales in which a defendant corporation is considered at home [and, thus, the court has personal jurisdiction,] are its state of incorporation and the state that houses its principal place of business." (citation omitted)).

**B.   Sufficiency of the Allegations**

The court may order default judgment without a hearing where "the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." In re The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002).

Because it is beyond dispute that NEWL had fair notice of its opportunity to object to Novo Nordisk's motion and the time to do so has since passed, the court turns to whether Novo Nordisk's allegations support its claims.  See L.R. 7.1(b) ([E]very objection . . . shall be filed within fourteen (14) days from the date the motion is filed."); Mot. for Default Judgment (Doc. No. 10) (Aug. 29, 2025) (Certificate of Service attached).

To prove a false advertising claim under the Lanham Act, a plaintiff must demonstrate that:

> (1) The defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product;

(2) the misrepresentation is material, in that it is likely to influence the purchasing decision;

(3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience;

(4) the defendant placed the false or misleading statement in interstate commerce; and

(5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

Azurity Pharm., Inc. v. Edge Pharma, LLC, 45 F.4th 479, 486 (1st Cir. 2022). "A plaintiff can succeed on a false advertising claim by proving either that the defendant's advertisement is literally false or implicitly false—that is, the advertisement is true or ambiguous yet misleading." Cashmere & Camel Hair Mfrs. Institute v. Saks Fifth Ave., 284 F.3d 302, 310–11 (1st Cir. 2002). "Where the advertisement is literally false, a violation may be established without evidence of consumer deception." Id. (citations omitted). "Where the advertisement is implicitly false, however, an additional burden is placed upon the plaintiff to show that the advertisement [ ] conveys a misleading message to the viewing public." Id.

<u>False or Misleading Statement</u>

Novo Nordisk's allegations suffice to establish a claim for false advertising. It alleges that NEWL made a misleading description of fact in a commercial advertisement about its

products.  NEWL advertised its product with statements
describing Novo Nordisk's products, implied that its Unapproved
Compounded Drugs had been approved by the FDA or reviewed by the
FDA for safety, effectiveness, and quality, and implied that its
Unapproved Compounded Drugs had been subjected to clinical
studies or trials.  On the contrary, the Unapproved Compounded
Drugs do not contain the same semaglutide as Novo Nordisk's
medicines, have not been approved or reviewed by the FDA, and
have not been subjected to clinical studies or trials.  NEWL
disseminated its advertisements through its website and social
media.  The court need not determine whether NEWL's statements
were literally false because, even assuming they were only
implicitly false, Novo Nordisk has met its burden of
demonstrating that the advertisements convey a misleading
message to the viewing public.  See id.

### Materiality

Those misrepresentations were material, and likely to
influence purchasing decisions.  NEWL's advertisements
misrepresented the core attributes of the Unapproved Compounded
Drugs.  See Cashmere, 284 F.3d at 311-12 ("One method of
establishing materiality involves showing that the false or
misleading statement relates to an 'inherent quality or
characteristic' of the product." (citation omitted)).  In
particular, NEWL's false implication that its products were FDA

approved was a material misrepresentation.  See Concordia Pharms., Inc. v. Method Pharms., LLC, No. 3:14CV00016, 2016 WL 1271082, at *10 (W.D. Va. March 29, 2016) (noting that a pharmaceutical product's approval, among other things, would likely influence purchasing decisions).  Further, NEWL sells its products directly to consumers.  An average consumer lacks the scientific and technical understanding required to appreciate the misleading nature of NEWL's statements.  See Pegasystems, Inc. v. Appian Corp., 463 F. Supp. 3d 152, 161 (D. Mass. 2020) (considering the sophistication of consumers when assessing the materiality element).  For these reasons, Novo Nordisk has established the materiality of NEWL's misrepresentations.

Deception

NEWL's misrepresentations have a tendency to deceive a substantial segment of the population.  While "[a]n advertisement's propensity to deceive the viewing public is most often proven by consumer survey data," Clorox Co. P.R. v. Proctor & Gamble Com. Co., 228 F.3d 24, 36 (1st Cir. 2000), due to the procedural posture of this case, the court relies upon Novo Nordisk's allegations that NEWL's misrepresentations have a tendency to deceive.  Although this is supported by a common-sense review of the allegations, Novo Nordisk's allegations indicating that NEWL intended to deceive customers allow the court to conclude that customers have in fact been deceived.

See Cashmere, 284 F.3d at 316 ("It is well established that if there is proof that a defendant intentionally set out to deceive or mislead consumers, a presumption arises that customers in fact have been deceived.").

Interstate Commerce

NEWL placed its misrepresentations into interstate commerce. NEWL's misleading statements about its products were made on its website and social media. Posting its misrepresentations on its website, alone, suffices to establish that it placed them into interstate commerce. See McGrath & Co., LLC v. PCM Consulting, Inc., No. 11-cv-109-30, 2012 WL 503629, at *6 (D. Mass. Feb. 15, 2012) ("Courts have generally held that when one operates a website containing alleged false or misleading statements, the party causes those statements to enter interstate commerce through the internet.").

Injury

Finally, Novo Nordisk has likely been injured as a result of NEWL's misrepresentations. "The injury may be in the form of lost sales to actual or prospective buyers of the product or harm to the goodwill or reputation of the competitor." Bern Unlimited, Inc. v. Burton Corp., 95 F. Supp. 3d 184, 217 (2015) (citing Clorox, 228 F.3d at 33 n.6). Novo Nordisk credibly alleges that it has suffered injury from NEWL's false advertising, including harm to its business reputation.

10

Further, as explained infra p. 16, the court is persuaded that NEWL's profits obtained from the sale of its Unapproved Compounded Drugs would have instead gone to Novo Nordisk, absent NEWL's Lanham Act violations.

For the foregoing reasons, Novo Nordisk has alleged a specific, cognizable claim against NEWL under the Lanham Act and RSA 358-A.[1]  The district judge, therefore, should issue default judgment against NEWL.

## C.    Injunctive Relief

Having determined that default judgment is proper, the court addresses Novo Nordisk's requests for relief.  Under the Lanham Act, courts have power to grant injunctions "according to the principles of equity" to "prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office" or to prevent a violation under 15 U.S.C. § 1125.  15 U.S.C. § 1116.  To warrant injunctive relief in a Lanham Act suit, a plaintiff "needs to show that the defendant's activities are likely to cause confusion or to deceive customers."  MMM Healthcare, Inc. v. MCS Health Mgmt. Options,

---

[1] Novo Nordisk has also satisfied its state law claim because the scope of unlawful activity under RSA 358-A is broader than claims governed by the Lanham Act claim.  See Ne. Lumber Mfrs. Assoc. v. N. States Pallet Co., 710 F. Supp. 2d 179, 188 (D.N.H. 2010).  Thus, because Novo Nordisk's allegations suffice to establish a violation of the Lanham Act, they also establish a violation of RSA 358-A.

818 F. Supp. 2d 439, 448 (D.P.R. 2011); see also 4 McCarthy on Trademarks and Unfair Competition § 27:26 (5th ed.) ("[C]ourts are not and should not be reluctant to allow a commercial plaintiff to obtain an injunction even if plaintiff cannot quantify its amount of damages.").

For reasons previously articulated, NEWL's false advertising is likely to cause confusion and deceive customers. In addition, its misrepresentations risk actual harm.  As outlined in Novo Nordisk's complaint, the unnecessary use of compounded drugs, like NEWL's, "exposes patients to potentially serious health risks."  (Doc. No. 1 ¶ 37).  Relief enjoining NEWL's violative activities is appropriate to both protect consumers and Novo Nordisk from further Lanham Act violations. See Boustany v. Boston Dental Grp., Inc., 42 F. Supp. 2d 110, 113 (D. Mass. 1999) (noting that "the public interest almost always favors the granting" of appropriate injunctions in Lanham Act cases and the "relevant consideration is the consumers' interest in not being deceived or confused about the products they purchase").

Accordingly, an injunction is warranted.  The district judge should grant Novo Nordisk the injunctive relief requested in Request for Relief ¶ 2 of its complaint.  Namely, the district judge should enjoin NEWL from using Novo Nordisk's trademarks in any manner likely to cause confusion or mistake,

to deceive, or otherwise infringe on Novo Nordisk's marks, or use the marks in connection with NEWL's advertising, marketing, sale, or promotion of its Unapproved Compounded Drugs.  The district judge should also enjoin NEWL from advertising, stating, or directly or indirectly suggesting that the Unapproved Compounded Drugs: (1) are, or contain, genuine or authentic Novo Nordisk medicines; (2) are sponsored by or associated with Novo Nordisk; (3) are approved by the FDA, have been reviewed by the FDA, or have been demonstrated to the FDA to be safe or effective for their intended use; (4) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes; (5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines; (6) are associated or connected in any way with Novo Nordisk or its medicines; or (7) contain any ingredient that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in Novo Nordisk's medicines.  The district judge should also enjoin NEWL from engaging in any further unfair or deceptive acts or practices.

**D.  Monetary Relief**

The Lanham Act provides that "when a trademark violation occurs, the victim shall be entitled, 'subject to the principles of equity, to recover (1) defendant's profits, (2) any damages

13

sustained by the plaintiff, and (3) the costs of the action.'"
Aktiebolaget Electrolux v. Armatron Int'l, Inc., 999 F.2d 1, 5
(1st Cir. 1993) (quoting 15 U.S.C. § 1117).  The First Circuit,
however, has found "a clear distinction between the showing
required to establish a right to injunctive relief and that
required to establish a right to damages."  Cashmere, 799 F.2d
at 12.  The additional showing that is necessary depends on the
relief sought:

> 1)  a plaintiff seeking damages must prove actual harm,
> such as the diversion of sales to the defendant;
>
> 2) a plaintiff seeking an accounting of defendant's
> profits must show that the products directly compete,
> such that defendant's profits would have gone to
> plaintiff if there was no violation;
>
> 3) the general rule of direct competition is loosened if
> the defendant acted fraudulently or palmed off inferior
> goods, such that actual harm is presumed; and
>
> 4) where defendant's inequitable conduct warrants
> bypassing the usual rule of actual harm, damages may be
> assessed on an unjust enrichment or deterrence theory.

Armatron Int'l, Inc., 999 F.2d at 5.  These four rules are "a
concise distillation of [First Circuit] case law on §1117."  Id.

Novo Nordisk seeks disgorgement of NEWL's profits and an
award of its attorneys' fees and costs.  The court begins with
whether Novo Nordisk is entitled to disgorgement.

The court must first determine whether Novo Nordisk was
actually harmed by NEWL's false advertising.  See id.  Novo
Nordisk alleges that it suffers from a lessening of goodwill and

harm to its reputation.  The court credits Novo Nordisk's allegation because of the nature of NEWL's false advertising: invoking the names of Novo Nordisk's products and either plainly stating or implying that the Unapproved Compounded Drugs contain identical or comparable ingredients.

The court then must determine whether Novo Nordisk's products directly compete with NEWL's, such that NEWL's profits would have gone to Novo Nordisk if there was no violation. There can be no real dispute that the parties' products compete. NEWL advertises its Unapproved Compounded Drugs by making statements describing Novo Nordisk's medicines.  NEWL also made statements implying that its products contain FDA approved semaglutide whereas Novo Nordisk is the only producer of FDA-approved medicine containing semaglutide.  Thus, it is plain that the parties' products compete and that profits wrongfully obtained by NEWL from its false advertising would likely have instead gone to Novo Nordisk.

Accordingly, Novo Nordisk has met its burden to recover damages from NEWL in the form of disgorgement of its profits. This is where the court's analysis is stymied by NEWL's default and refusal to participate in this matter.  Novo Nordisk, and thus the court, is without evidence of NEWL's profits derived from its false advertising.  That information is in the sole possession of NEWL.  As a result, Novo Nordisk asks the court to

order NEWL to provide an accounting of its sales and revenue from semaglutide products and services.  See 15 U.S.C. § 1117(a) ("[T]he plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.").

Because Novo Nordisk is in the impossible position of proving NEWL's sales without discovery from NEWL, an order requiring NEWL to provide an accounting[2] of its profits is appropriate.  Other courts have ordered the same in Lanham Act default actions.  See Sueros & Bebidas, 2025 WL 708609, at *3 (ordering defendants to submit to an accounting conducted by plaintiffs), vacated on other grounds 2025 WL 2106721; Zynga Game Net., Inc. v. Goh, No. C-09-05297-SBA (DMR), 2011 WL 13376996, at *14 (N.D. Cal. Feb. 14, 2011) (recommending ordering the defendant to produce an accounting of profits and retaining jurisdiction to assess the amount of disgorgement

---

[2] The word "accounting" is used by courts to refer to both the relief awarded and the interim requirement that a defendant provide details of its profits.  Compare Medline Indus., Inc. v. 9121-3140 Quebec, Inc., No. 1:09-cv-301-JL, 2010 WL 840196, at *4 (D.N.H. Mar. 5, 2010) (discussing awarding the plaintiff an accounting of profits), with Sueros & Bebidas Rehidrantantes, S.A. de C.V. v. Bargain Max Wholesale, Inc., No. 1:24-cv-00893-CDB, 2025 WL 708609, at *3(E.D. Cal. Mar. 5, 2025) (ordering defendants to submit to an accounting), vacated on other grounds by 2025 WL 2106721.  To avoid confusion, the court refers to the relief Novo Nordisk seeks as disgorgement and the interim requirement that NEWL provide details of its profits as accounting.

accordingly) report and recommendation adopted, No. C 09-05297 SBA, 2011 WL 13376997 (N.D. Cal. Mar. 1, 2011); Williams-Sonoma, Inc. v. Friendfinder, Inc., No. C06-6572JSW (MEJ), 2007 WL 4973848, at *10 (N.D. Cal. Dec. 6, 2007) (ordering defendants to provide an accounting of their profits, specifying documents to be provided) report and recommendation adopted as modified sub nom. Williams-Sonoma, Inc. v. Online Mktg. Servs., Ltd., No. C 06-06572 JSW, 2008 WL 596251 (N.D. Cal. Mar. 4, 2008). Accordingly, the district judge should order NEWL to provide Novo Nordisk with an accounting of its profits derived from the sale of its Unapproved Compounded Drugs within 14 days of the notice of the district judge's adoption of this report and recommendation.

The district judge should retain jurisdiction over this matter until NEWL has provided such an accounting, Novo Nordisk has had the opportunity to further brief the court on its damages, and the court has held a hearing, if necessary. The court recommends affording Novo Nordisk 60 days following the district judge's adoption of this report and recommendation to file supplemental briefing on the issue of an award of disgorgement. This briefing shall consider NEWL's accounting of its profits or, in the event NEWL does not comply with the court's order, alternative forms of monetary relief. See 15 U.S.C. § 1117(a); Tiffany (NJ) LLC v. QI Andrew, No. 10 Civ.

9471(KPF)(HBP), 2015 WL 3701602, at *8 (S.D.N.Y June 15, 2015). Upon completion of the briefing, the court will schedule a damages hearing if one is required. See In re Home Rests., Inc., 285 F.3d at 114 (stating that the trial court may set a hearing to determine damages "when the amount is in dispute or is not ascertainable from the pleadings").

Turning to Novo Nordisk's request for fees, the Lanham Act permits courts to shift fees in "exceptional" cases. 15 U.S.C. §1117(a). Where a defendant has acted willfully, the case is "exceptional" and the Lanham Act permits an attorneys' fees award. Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd., 282 F.3d 23, 30-33 (1st Cir. 2002). To show "willfulness" under the Lanham Act, the plaintiff must establish by a "preponderance of the evidence," a "conscious awareness of wrongdoing by the defendant or at least conduct deemed 'objectively reckless' measured against standards of reasonable behavior." Fishman Transducers, Inc. v. Paul, 684 F.3d 187, 191-92 (1st Cir. 2012).

Novo Nordisk has established that NEWL acted willfully, rendering this case exceptional. Through its deceptive advertisements which have a tendency to confuse consumers about the nature of its products and their safety and effectiveness, NEWL has exhibited a conscious awareness of wrongdoing. At the very least, NEWL's conduct is "objectively reckless" when measured against standards of reasonable behavior. See id. at

18

191-92.  NEWL's non-participation in litigation further
demonstrates the willful nature of its conduct.  See ADG
Concerns, Inc. v. Tsalevich LLC, No. 18-cv-00818, 2018 WL
4241967, at *13 (N.D. Cal. Aug. 31, 2018) (finding non-
participation in litigation, in part, made a case "exceptional")
(collecting cases for the same); Syntex Healthcare Prod. Co.,
Ltd. v. McCreless Enter., LLC, No. EDCV 21-593 JGB (SPx), 2023
WL 4503528, at *12 (C.D. Cal. June 2, 2023) ("Courts often find
that a case may be deemed 'exceptional' within the meaning of
the Lanham Act by virtue of a Defendant's decision to ignore
legal proceedings, necessitating a default judgment.").
Accordingly, Novo Nordisk is entitled to an award of attorneys'
fees.[3]

For the same reasons, Novo Nordisk is entitled to an award
of its costs.  See 15 U.S.C. § 1117(a) (entitling a plaintiff to
an award of "the costs of the action" where defendant's
violation was willful).

While Novo Nordisk is entitled to an award of its fees and
costs, it is likely to incur further expenses litigating this
matter.  Accordingly, the court defers ruling on the amount of
Novo Nordisk's award of fees and costs until after the

---

[3] The court notes that, for this alternative reason—that
NEWL's conduct was willful, Novo Nordisk is entitled to
disgorgement of its profits.  See Armatron Int'l, Inc., 999 F.2d
at 5.

submission of the requested supplemental briefing and a damages hearing, if necessary.  Novo Nordisk will be required to submit an affidavit of its fees and costs containing sufficient information for the court to determine the amount to be awarded, on a date to be set by the court following Novo Nordisk's submission of its supplemental briefing.

Given Novo Nordisk's entitlement to damages, costs, and attorneys' fees under the Lanham Act, the court declines to discuss the remedies available to it under the New Hampshire Consumer Protection Act.  Because Novo Nordisk has established a violation of the CPA and the court has determined that NEWL's conduct was willful, Novo Nordisk is entitled to treble damages. See N.H. Rev. Stat. Ann. 358-A:10.  The court, however, defers ruling on whether Novo Nordisk is entitled to two or three times its damages or the amount of such damages.  Novo Nordisk should address the trebling of its damages under the CPA in its supplemental briefing.

## IV.  CONCLUSION

For the foregoing reasons, the district judge should grant Novo Nordisk's motion for default judgment and award the following relief: (1) enjoin NEWL from falsely advertising its products; (2) order NEWL to produce to Novo Nordisk an accounting of its profits within 14 days of notice of the adoption of this recommendation; (3) permit Novo Nordisk to file

supplemental briefing within 60 days of notice of the adoption of this recommendation; and (4) retain jurisdiction over this matter to hold a damages hearing.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

October 17, 2025

cc:  Counsel of Record
     David H. Rich, Esq.